## SUPREME COURT.

### The People *ex rel.* Dennis Hogan, &c., agt. Cornelius Flynn.

*Construction of act authorizing appointment of clerk and assistant clerk of district courts of New York.*

The act of 1872, chapter 438, by section 1, provides that there shall be a clerk and an assistant clerk in each of the district courts of the city of New York, who shall be appointed by the justices of said courts, and that they shall hold office and perform the same duties and possess the same powers as now prescribed by law.

The clerk and assistant are for each of the district courts, who shall be appointed by the justices of said courts. It is apparent that being for each of the courts, the words "justices of said courts" is a collective phrase, used for convenience, the act embracing all of the courts. This is so because there are no justices of these courts. There is but one justice for each court, and each justice is to appoint the clerk and his assistant. They are to be appointed by each justice of each of the courts.

The term or duration of office of the assistant clerk, not having been provided for by the act, the Revised Statutes apply and govern the term, which is that such office "shall be held during the pleasure of the authority making the appointment."

*First Department, General Term, July 7, 1875.*

APPEAL from a verdict entered by direction of the court, the exceptions to be heard in the first instance at the general term.

*William H. Peckham,* for defendant.

*Roscoe H. Channing,* for plaintiff.

BRADY, *J.* — The act of 1872, chapter 438, by section 1, provides that there shall be a clerk and an assistant clerk in

People *ex rel.* Hogan agt. Flynn.

each of the district courts of this city, who shall be appointed by the justices of said courts, and that they shall hold office and perform the same duties and possess the same powers as now prescribed by law. It also provides that they shall receive the same salary, and for its payment by the comptroller.

It will be perceived that the clerk and assistant are for " each of the district courts of said city, who shall be appointed by the justices of the said courts," and it is quite apparent that being for each of the courts, the words "justices of said courts" is a collective phrase, used for convenience, the act embracing all of the courts. This is so, because there are no justices of these courts. There is but one justice for each court, and each justice is to appoint the clerk and his assistant.

They are to be appointed by each justice of each of the courts. The legislature did not intend to confer upon a number of justices combined, each one of whom held a court ·of limited jurisdiction confined to a particular district, the right to interfere with or control in any way the selection of the officers of the court in which each presided; officers strictly local, and whose duties are limited to the court for which they are appointed.

The use of the plural number is frequent in statutes which include the singular, and give it application for the full purpose and object of the act.

Hence the provision of the Revised Statutes to remove all questions about the exercise of such a power :

" Sec. 11. Whenever, in the Revised Statutes, or in any other statute, words importing the plural number are used in describing or referring to any matters, parties or persons, any single matter, party or person shall be deemed to be included, although distributive words may not be used ; and when any subject, matter, party or person is described or referred to by words importing the singular number or the masculine gender, several matters and persons, and females as well as males, and bodies corporate as well as individuals, shall be deemed to be

People *ex rel.* Hogan agt. Flynn.

included ; and these rules of construction shall apply in all
cases, unless it be otherwise specially provided, or unless
there be something in the subject or context repugnant to
such construction " (1 *Edmonds, p.* 71; 3 *R. S., 5th ed., p.*
1106).

Statutes are to be read according to the natural and obvious
import of their language (*Sedgk. on Statutes,* 219, *and cases
cited*).

The natural and obvious import of the language used in
the statute of 1872 (*supra*), with proper consideration of the
subject to which it relates, is that it was employed collectively
in reference to the appointment "by the justices" for
convenience or brevity, and not to give them the power
collectively to select the clerks for each court. The language
is not that they shall select or appoint the clerks and assistants
for the district courts, it is that there shall be a clerk and an
assistant clerk in each of the district courts, who shall be
appointed by the justices of said courts.

There are, as suggested, no justices of any one of the courts
named, and hence it means justice. This disposes of the
first point.

The tenure of office of the assistant clerk has already
received the consideration of this court in the case of *The
People ex rel. Dolan* agt. *Lane,* and which went from this
court to the court of appeals. It was held in that case that
the term of office of the assistant clerk was the same as that
of the clerk, justices INGRAHAM and DAVIS concurring. The
controversy was, however, upon an application for a man-
damus, and the decision of the court of appeals reversing that
of the general term of this court, was based upon the proposi-
tion that the question involved could not properly be disposed
of on a proceeding of that kind. Judge RAPALLO said
that " after a careful examination of the various statutes bear-
ing upon the subject, we think the legality of the removal of
the relator is not so clear that we can dispose of the case
against him on the merits" (*People ex el. Dolan* agt. *Lane*

People *ex rel.* Hogan agt. Flynn.

*et al.*, 55 *N. Y. Rep.*, 219). The opinion of justice HARDIN, rendered at the special term, is comprehensive, and, although the question is one of delicacy, and not free from difficulty, his views commend themselves to the better consideration of the court. Justice DAVIS entertained some doubt of the result declared by the general term, and concurred only because it was hoped that the point involved would be speedily presented to the court of last resort and disposed of there. The adjudication of the general term does not, therefore, possess the elements of *stare decisis*. It was not made in a proceeding having legal vitality in reference to the subject-matter embraced, and one of the two justices by whom it was announced was not entirely satisfied with it. Justice HARDIN taking as his starting point the omission in the statute of any statement of the term of office of the assistant clerk held, that as a necessary sequence the provision of the Revised Statutes applied where the constitution and the special law failed to declare the duration of the office. This provision is that such office "shall be held during the pleasure of the authority making the appointment" (1 *R. S.*, 107, *Edmonds' edition*). The application of this provision became the more imperative from the fact that by the language of the the act of 1872, the assistant clerk was in effect to hold office as now prescribed by law. There was no other term prescribed by law than during the pleasure of the authority making the appointment. We adopt the views of justice HARDIN as controlling upon the question thus briefly considered, and sustain the exception relating to the tenure of office taken in the court below. This makes it necessary to reverse the judgment and to grant a new trial, and such will be the order. The decision thus made is with a view to an appeal to the court of appeals, whither it is declared the parties design to go, and which they can do at once.

Ordered accordingly.

DANIELS, J., concurred. DAVIS, P. J., dissented.